UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITCHELL R. SKIPWORTH,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:15-cv-0787 DB<br><br><br><br>ORDER |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[1] For the reasons explained below, plaintiff's motion is denied, defendant's cross-motion is granted, and the decision of the Commissioner of Social Security ("Commissioner") is affirmed.

PROCEDURAL BACKGROUND

In December of 2011, plaintiff filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"), alleging disability beginning on September 1, 2010. (Transcript ("Tr.") at 10, 131-32.) Plaintiff's application was denied initially, (id. at 68-71), and upon reconsideration. (Id. at 81-85.) Plaintiff requested an

---

[1] Both parties have previously consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c). (See Dkt. Nos. 3 & 9.)

administrative hearing and a hearing was held before an Administrative Law Judge ("ALJ") on November 4, 2013. (Id. at 22-47.) Plaintiff was represented by an attorney and testified at the administrative hearing. (Id. at 22-23.)

In a decision issued on November 20, 2013, the ALJ found that plaintiff was not disabled. (Id. at 18.)   The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2015.
>
> 2. The claimant has not engaged in substantial gainful activity after September 1, 2010, the alleged onset date (20 CFR 404.1571 *et seq*.).
>
> 3. The claimant has the following severe impairments: degenerative joint disease of the right knee (status post arthroscopy) and a right meniscus tear (status post medial meniscectomy) (20 CFR 404.1520(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) except that the claimant is limited to: occasional climbing of ramps and stairs; occasional climbing of ladders, ropes, and scaffolds; frequent balancing; occasionally kneeling and crouching; and no crawling. Furthermore, the claimant should have no exposure to extreme cold, wetness, vibrations, and workplace hazards-defined as moving machinery and unprotected heights.
>
> 6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).
>
> 7.  As the claimant was born on November 13, 1959, he has been between fifty and fifty-four years of age during the period at issue, which is defined as an individual closely approaching advanced age (20 CFR 404.1563).
>
> 8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).
>
> 9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled" whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

/////

>   10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).
>
>   11. The claimant has not been under a disability, as defined in the Social Security Act, from September 1, 2010, through the date of this decision (20 CFR 404.1520(g)).

(Id. at 12-18.)

On February 11, 2015, the Appeals Council denied plaintiff's request for review of the ALJ's November 20, 2013 decision. (Id. at 1-3.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on April 10, 2015. (Dkt. No. 1.)

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

>   Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

/////

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

In his pending motion plaintiff asserts that the ALJ's treatment of plaintiff's testimony constituted error. (Pl.'s MSJ (Dkt. No. 18) at 5-15.) The Ninth Circuit has summarized the ALJ's task with respect to assessing a claimant's credibility as follows:

> To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. The claimant, however, need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom. Thus, the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged.
>
> Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so . . . .

Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (citations and quotation marks omitted). "The clear and convincing standard is the most demanding required in Social Security

cases." Moore v. Commissioner of Social Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002). "At the same time, the ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking . . . ." Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012).

"The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints." Valentine v. Commissioner Social Sec. Admin., 574 F.3d 685, 693 (9th Cir. 2009) (quoting Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)). In weighing a claimant's credibility, an ALJ may consider, among other things, the "[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains." Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (modification in original) (quoting Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997)). If the ALJ's credibility finding is supported by substantial evidence in the record, the court "may not engage in second-guessing." Id.

Here, the ALJ found that plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms was not entirely credible. (Tr. at 14.) Specifically, the ALJ found plaintiff only "partially credible" and his allegations of "work-preclusive limitations" unsupported by the record. (Id.)

In this regard, the ALJ noted that plaintiff's testimony was not supported by the "balance of medical evidence . . . ." (Id.) "[A]fter a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based *solely* on a lack of medical evidence to fully corroborate the alleged severity of pain." Burch v. Barnhart, 400 F.3d 676, 680 (9th Cir. 2005) (emphasis added). Here, however, the ALJ did not reject plaintiff's testimony based solely on a lack of medical evidence.

The ALJ also rejected plaintiff's testimony due to plaintiff's failure to seek treatment beginning in January of 2012. (Tr. at 15.) In this regard, plaintiff testified that since January of

5

2012 he was "just getting through the pain . . . just going and going." (Id. at 34.) It is well-established that an ALJ may discredit a plaintiff's testimony for lack of consistent treatment.[2] See Burch, 400 F.3d at 680-81 (ALJ may properly rely on failure to seek treatment during "three or four month period" to discredit plaintiff's subjective complaints).

Accordingly, the court finds that plaintiff is not entitled to relief with respect to his claim that the ALJ erred by rejecting plaintiff's testimony concerning the severity of his impairments.

## CONCLUSION

The court finds that plaintiff is not entitled to summary judgment in his favor with respect to the sole argument advanced in the pending motion.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Dkt. No. 18) is denied;
2. Defendant's cross-motion for summary judgment (Dkt. No. 22) is granted; and
3. The decision of the Commissioner of Social Security is affirmed.

Dated: January 10, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DLB1\orders.soc sec\skipworth0787.ord

---

[2] The ALJ's decision also noted that plaintiff failed to appear at two separate consultative examinations. (Tr. at 15.) Such repeated failures, under some circumstances, may alone warrant a denial of benefits. See McCann v. Astrue, No. EDCV 09-1432 SS, 2010 WL 2803964, at *5 (C.D. Cal. July 15, 2010) ("the ALJ was entitled to deny benefits as a sanction for Plaintiff's failure to appear at her consultative examinations"); Kreidler v. Barnhart, 385 F.Supp.2d 1034, 1037 (C.D. Cal. 2005) ("Plaintiff's repeated failures to attend the consultative examinations scheduled for her constitute a failure to cooperate sufficient to warrant termination of her disability benefits.").